IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Joseph Rickard,                              Case No. 3:10 CV 145

            Plaintiff,                    MEMORANDUM OPINION
                                                AND ORDER
   -vs-
                                                JUDGE JACK ZOUHARY

City of Toledo,

            Defendant.

*Pro se* Plaintiff Joseph Rickard, incarcerated at the Noble Correctional Institution located at Caldwell, Ohio, filed this action under 42 U.S.C. § 1983, alleging Defendant City of Toledo violated his due process rights (Doc. No. 1).

### BACKGROUND

Plaintiff contends the City of Toledo "doing business through its court system in Ohio is held liable for this action, . . . Based upon newly discovered evidence, the defendant is hereby liable for the relief sought due to the reasons set forth in the attachment affidavit of history, and supported by the attachments hereto" (Doc. No. 1). He requests that this Court order an evidentiary hearing and award damages for the deprivation of rights. In the attached affidavit, Plaintiff complains about the denial of his Petition for Writ of Habeas Corpus. *See Rickard v. Wolfe*, No. 3:06 CV 2753, 2007 WL 4526522 (N.D. Ohio Dec. 17, 2007). He also complains of the Sixth Circuit's denial of his request to file a successive habeas petition (Case No. 09-3309, Order of Nov. 24, 2009).

**ANALYSIS**

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997). For the reasons stated below, this action is dismissed pursuant to Section 1915(e).

Although Plaintiff has not formally requested vacation of his state conviction, he is necessarily challenging its validity, because his claim rests in part on an alleged "unlawful indictment." Claims for damages that would necessarily demonstrate the invalidity of a state criminal conviction are not cognizable under Section 1983. *Heck v. Humphrey*, 512 U.S. 477, 481 (1994).

Further, the City of Toledo cannot be a proper party because it had no involvement in Plaintiff's conviction. Plaintiff was convicted in the Common Pleas Court of Lucas County, Ohio.

**CONCLUSION**

Accordingly, this action is dismissed under 28 U.S.C. § 1915(e). This Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

                                              s/ *Jack Zouhary*
                                              JACK ZOUHARY
                                              U. S. DISTRICT JUDGE

March 30, 2010